IRVING, J.,
for the Court:
¶ 1. Benny Gene Huckaby was convicted in the Circuit Court of Desoto County of possession of a controlled substance for which he was sentenced to serve a term of three years in the custody of the Mississippi Department of Corrections. Aggrieved, Huckaby now appeals the conviction and sentence imposed by the Circuit Court of Desoto County, arguing that (1) the trial court erred by denying a circumstantial evidence instruction, and that (2) the trial court erred in denying his motion for mistrial made during jury ' deliberations. Finding no error in the issues raised, we affirm.
FACTS
¶ 2. On October 26, 1996, Officer Chris Sing stopped Huckaby for a traffic violation. Upon making contact, Huckaby informed the officer that he did not have a driver’s license, and through further investigation, the officer found that Huckaby’s license had been suspended. At that point, Officer Sing arrested Huckaby and transported him to the Desoto County jail. A strip search revealed “crack” cocaine in Huckaby’s pants pocket. During the course of the trial, during a hearing on *414 Huckaby’s motion to suppress the cocaine on the basis that its seizure was the result of a illegal arrest, the State produced certified copies of Huckaby’s conviction in the Hernando Municipal Court of the traffic offenses for which he was initially stopped by Officer Sing. During the course of Officer Sing’s testimony, he testified about the traffic offenses which led to the arrest of Huckaby and which were the subject of the certified copies of the convictions produced by the State. Through inadvertence, these certified copies were taken into the jury room when the jury retired to consider the verdict. After the jury had deliberated a short while, Huckaby learned that the exhibits had been taken into the jury room and made a motion for mistrial which was promptly denied by the trial court.
DISCUSSION

I. Circumstantial Evidence Instruction

¶ 3. Huckaby contends that the trial court erred by not submitting the following circumstantial evidence instruction to the jury. The instruction reads as follows:
The Court instructs the jury that before the Defendant can be found guilty, the State must prove the Defendant guilty to the exclusion of every reasonable hypothesis consistent with his innocence.
¶ 4. “A circumstantial evidence instruction should be given only when the prosecution can produce neither an eyewitness nor a confession by the defendant.” Chase v. State, 645 So.2d 829, 850 (Miss.1994). The State not only produced an eyewitness (Jimmy Hall, a deputy jailer) who testified to searching and finding the cocaine in Huckaby’s pockets, but further corroborated that testimony with testimony from Officer Sing who testified that he saw the cocaine after it was found. We find, on these facts, that Huckaby was not entitled to a circumstantial evidence instruction.

II. Motion for Mistrial

¶ 5. Declaring a mistrial is within the sound discretion of the trial judge. Brent v. State, 632 So.2d 936, 941 (Miss.1994). The Uniform Rules of Circuit and County Court, Rule 3.12, Mistrial, further provides that:
The court shall declare a mistrial upon the defendant’s motion if there occurs during the trial, either inside or outside the courtroom, misconduct by the party, the party’s attorney, or someone acting at the behest of the party or the party’s attorney, resulting in substantial and irreparable prejudice to defendant’s case. URCCC 3.12
See Brent, 632 So.2d at 941. We can find the trial judge in error only when he has abused his discretion. Id. Huckaby contends that the trial court abused its discretion by not granting his motion for mistrial on the basis that certified copies of his prior traffic convictions, stemming from the arrest which led to the discovery of the cocaine, were inadvertently allowed into the jury room during deliberations. In ruling upon Huekaby’s motion, the trial judge ruled that allowing the evidence to remain with the jury was harmless error since the jury had previously heard testimony on the prior convictions, and the same was not contradicted by Huckaby when he had the opportunity to do so. We agree. The trial court did not abuse its discretion in refusing to declare a mistrial.
¶ 6. We find no merit in the issues presented by Huckaby.
¶ 7. THE JUDGMENT OP THE CIRCUIT COURT OF DESOTO COUNTY OF CONVICTION OF POSSESSION OF CONTROLLED SUBSTANCE, TO-WIT COCAINE AND SENTENCE OF THREE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS TO RUN CONSECUTIVELY WITH THE SENTENCES IMPOSED IN CAUSE NO. 11249 IN THE CIRCUIT COURT OF LAFAYETTE COUNTY, MISSISSIPPI, AND IN CAUSE NO. MK97097 IN THE CIRCUIT *415 COURT OF MARSHALL COUNTY, MISSISSIPPI IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, COLEMAN, DIAZ, LEE, PAYNE, AND THOMAS, JJ., CONCUR.